# **RECORD IMPOUNDED**

## **NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2337-18T1

Y.D.S.,

     Plaintiff-Appellant,

v.

V.W.W.,

     Defendant-Respondent.

_____

Submitted November 6, 2019 – Decided December 12, 2019

Before Judges Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FV-04-1059-17.

Law Offices of Joseph Basso, LLC, attorneys for appellant (Joseph Basso, on the brief).

Respondent has not filed a brief.

PER CURIAM

The mother, Y.D.S., appeals from a December 20, 2018 order that changed the custody and parenting time arrangement for the parties' one child.[1] Because custody was modified without a showing of a change of circumstances, we reverse and remand for further proceedings.

I.

The record presented to us is incomplete. The mother submitted some, but not all, orders concerning the custody of the child. The father, V.W.W., did not file a timely brief and we, therefore, precluded him from filing a late brief or other papers. Accordingly, we discern the relevant facts and procedural history primarily from the orders that were included in the mother's appendix.

The mother and father dated and, while they were seeing each other, they had a son, who was born in February 2016. Shortly after the son's birth, the parties broke up and they have lived separately since that time.

The relationship between the parties has been contentious since their breakup. In October 2016, the parties obtained final restraining orders against one another under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. The father obtained a final restraining order against the mother under

---

[1] We use initials and titles (that is, mother and father) to protect the privacy and confidentiality interests of the parties. R. 1:38-3(d)(13).

docket number FV-04-1053-17 (the FRO matter), and the mother obtained a final restraining order against the father under docket number FV-04-1059-17 (the DV matter). Most of the orders provided to us were entered in the DV matter, but in some of the orders the mother is listed as plaintiff and in other orders the father is listed as plaintiff. A review of the family court's docket in the DV matter reflects that there were usually two orders entered on each motion; one order on the form for child support hearings, and a corresponding order amending the final restraining order.

We have not been provided with the initial custody order. The record does, however, establish that as of March 2017, there was an established custody arrangement. In that regard, we were provided with a March 31, 2017 order entered in the DV matter that recited and continued the existing custody arrangement.

Under that custody arrangement, the mother was designated the parent of primary residential custody and the father was identified as the parent of alternate residential custody. The father was also granted the right to enjoy parenting time with his son on Tuesdays and Thursdays from 12 p.m. to 8 p.m. and every other weekend from Friday until Sunday at 8 p.m.

The record reveals that on at least three occasions — March 31, 2017, November 1, 2017, and August 21, 2018 — the court denied the father's repeated requests to change the custody arrangement. On November 27, 2018, the family court entered an order denying an application for an order to show cause filed by the father.[2] The father had apparently again sought to change custody. In that regard, the November 27, 2018 order states:

> 1. [father's] Order to Show Cause is DENIED without prejudice. 2. [father] has not shown by a preponderance of the credible evidence that irreparable harm to the child will occur if an emergent application is not granted. Nor has [father] shown by a preponderance of the credible evidence a probability of ultimate success on the merits of the complaint.

Almost one month later, on December 20, 2018, the family court conducted a hearing on the father's application to change custody. Both parties appeared at that hearing and neither party was represented by counsel. The court did not conduct an evidentiary hearing, nor was formal testimony provided. Instead, the court informally questioned both parties.

The father stated that he was seeking a change in custody because the mother was often late for pick up and drop off times and she would change

---

[2] The order was signed and dated on December 17, 2018, but states that the decision was made on November 27, 2018.

A-2337-18T1

parenting time without reasonable notice. Therefore, the father asked the court to change the custody arrangement to equal parenting time where the parents would have alternating weeks with the child.

The mother strongly objected to any change and argued that it was not in the child's best interest to make such a change. When the court indicated that it was considering granting the father's request, the mother asked for an adjournment so that she could retain legal counsel. The court did not grant an adjournment.

Instead, without making a finding of a change of circumstances, and without conducting an evidentiary hearing, the court granted the father's application. The court did discuss the factors identified in N.J.S.A. 9:2-4 concerning an award of custody of a child. The court also stated that it had considered the best interest of the child and reasoned that it was in the child's best interest not to be moved between the parents so often. Thus, the court entered an order granting the father's application to change the custody and parenting time arrangement and directed that each parent would have custody of the child on alternating weeks.

A-2337-18T1

II.

The mother appeals from the December 20, 2018 order arguing that the family court erred in changing custody without (1) a showing of a change of circumstances, and (2) a plenary hearing. We agree that there was no showing of a change of circumstances and, thus, we vacate the December 20, 2018 order and remand the matter for further proceedings.

Modification of an existing custody order is a "two-step process." R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014) (quoting Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007)). First, a party must show "'a change of circumstances warranting modification'" of the custody arrangements. Id. at 63 (citations omitted) (quoting Beck v. Beck, 86 N.J. 480, 496 n.8 (1981)). If the party makes that showing, the party is "'entitled to a plenary hearing as to disputed material facts regarding the child's best interests, and whether those best interests are served by modification of the existing custody order.'" Ibid. (quoting Faucett v. Vasquez, 411 N.J. Super. 108, 111 (App. Div. 2009)).

"The paramount consideration in child custody cases is to foster the best interests of the child." Beck, 86 N.J. at 497; see also N.J.S.A. 9:2-4(a) (stating that in any action concerning children, "the best interests of the child shall be a primary consideration").

A-2337-18T1

Generally, changes in custody should not be ordered without a plenary hearing. R. 5:8-6; Faucett, 411 N.J. Super. at 119 (citing Entress v. Entress, 376 N.J. Super. 125, 133 (App. Div. 2005)). "A thorough plenary hearing is necessary in contested custody matters where the parents make materially conflicting representations of fact." J.G. v. J.H., 457 N.J. Super. 365, 372 (App. Div. 2019) (citing K.A.F. v. D.L.M., 437 N.J. Super. 123, 137-38 (App. Div. 2014)). The factors to be considered in awarding custody or a change in custody are set forth in N.J.S.A. 9:2-4.

Family courts "are frequently called upon to make difficult and sensitive decisions regarding the safety and well-being of children." Hand, 391 N.J. Super. at 111. Given "their special expertise in family matters, we do not [generally] second-guess their findings and the exercise of their sound discretion." Ibid. (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)). Nevertheless, when the family court does not hold a plenary hearing, and the record establishes that the material facts are undisputed, we owe no deference to the family court.

Here, the father did not make a primary showing of a change of circumstances. Instead, he referenced problems regarding parenting time exchanges, but there was no showing that those problems impacted the best

interests of the child. Just as importantly, the mother strongly objected to the change in the parenting time arrangement and argued it was not in the child's best interest. The court did not conduct a hearing concerning the child's best interests and did not allow the mother an adjournment to retain counsel. Given the custody issue at stake, the adjournment should have been granted.

We also note that the father had repeatedly filed motions to change the custody arrangement and other family judges had repeatedly denied those applications. Indeed, the last application was denied in August 2018, less than four months before the father made yet another application. The family court was aware of these repeated applications, but seems to suggest that modifying custody might help the parties gain the ability to communicate effectively in the best interest of their child and not to repeatedly make court applications. While encouraging parents to act in the best interest of their child is a good practice, its application here rewarded the father for making the same motion numerous times without any showing of a change in circumstances.

In summary, we vacate the December 20, 2018 order and remand the matter to the family court for further proceedings.[3] If the father makes a future

---

[3] We also vacate any corresponding order in the DV matter or the FRO matter that memorialized the same change in the custody arrangement.

application, he must initially establish a prima facie showing of a change of circumstances warranting modification of the existing custody arrangement. If such a prima facie showing is made, the court will need to decide whether the parties should be accorded discovery and a plenary hearing.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION